IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 3625 |
| ) | |
| CHICAGO POLICE DEPARTMENT ) | |
| MITCHEM, RA (PCOF380) (Badge #5195), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Eric Williams ("Williams") has utilized the Clerk's-Office-supplied form of "Complaint for Violation of Constitutional Rights" to sue Chicago Police Officer RA Mitchem under the auspices of 42 U.S.C. § 1983 ("Section 1983"). Williams has accompanied his Complaint with two more filled-out Clerk's-Office-supplied forms: an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion").

Quite inexplicably, the Clerk's Office mistakenly classified Williams' action as a pro se prisoner lawsuit[1] and consequently directed Williams' filings to the staff attorneys responsible for the processing of such prisoner litigation. That delayed this Court's learning of the lawsuit for a period of several days, but as soon as it obtained copies of the Williams filings it corrected the error and took over the case's handling.

---

[1] That error is really difficult to understand, for both the Complaint's signature page and the District Court's appearance form were filled out by Williams' designation of what is obviously a Chicago residence address as his mailing address.

First as to the Application, it clearly confirms Williams' eligibility for in forma pauperis treatment under 28 U.S.C. § 1915 ("Section 1915"). And because Williams' noncustodial status does not bring into play the special provisions of that section that require prisoner plaintiffs to pay the full filing fee on an installment basis, the Application is granted and Williams has no responsibility for the payment of any fee.

But as for the Motion, Williams has left totally blank the space in its paragraph 2, which calls for the identification of any lawyers or organizations from whom a pro se plaintiff has sought representation, despite this bold-face directive located at that paragraph:

**(NOTE: This item must be completed.)**

Nor is it enough for Williams simply to state "Not employed at the time" in the next blank space, which calls for a statement of the reasons for a movant's inability to find an attorney -- in that respect our Court of Appeals expressly requires some bona fide effort to be made by a pro se litigant as a precondition to considering the designation of a member of this District Court's trial bar to act as counsel for the pro se litigant.

That being the case, this Court is transmitting to Williams a fresh set of Motion forms together with a copy of this opinion. If Williams completes and returns the original and a copy of the new Motion forms on or before April 22, this Court will consider the designation of a trial bar member to represent Williams in this litigation -- if not, he'll have to go it alone, a singularly difficult task for a nonlawyer seeking to advance a constitutional claim or claims.

                                                   _____
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: April 6, 2016