# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC WILLIAMS, ) | |
| ) | Case No. 16 CV 3625 |
| Plaintiff, ) | |
| ) | |
| vs. ) | Judge: Milton I. Shadur |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE ) | |
| DEPARTMENT, and OFFICER RAPHAEL ) | Magistrate Judge: Sidney I. Schenkier |
| MITCHEM, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' JOINT RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant City of Chicago ("the City"), by and through one of its attorneys, David T. Hartmann, Assistant Corporation Counsel of the City of Chicago, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court to dismiss Plaintiff's Amended Complaint in its entirety against the City and Defendant Chicago Police Officer Raphael Mitchem ("Defendant Officer"). For their motion to dismiss all of Plaintiff's Amended Complaint under Rule 12(b)(6), Defendants state as follows:

## INTRODUCTION

On March 25, 2016, the Court received Plaintiff's original *pro se* complaint against the Chicago Police Department and Officer Raphael Mitchem, pursuant to 42 U.S.C. § 1983. Dkt. No. 1. Plaintiff's original complaint, though not fully developed, raised colorable allegations of false arrest, excessive force, malicious prosecution, and conversion. *Id.* at ¶ 10.

On July 22, 2016, this Court appointed attorney John Grover Foreman to represent Plaintiff. Dkt. No. 18. On January 13, 2017, Plaintiff filed an amended complaint, this time with the benefit of

legal counsel. Dkt. No. 25. The amended complaint adds the City of Chicago as a named Defendant, but does little to develop Plaintiff's original filing. *Id.* The amended complaint includes bare assertions that Plaintiff was the subject of false arrest, illegal search, excessive force, and various claims that "may be protected by the laws of the State of Illinois, including false arrest, assault, battery, false imprisonment, conversion, and malicious prosecution." *Id.* at ¶¶ 6-7.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if Plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555-56; *see also Swanson v. Citibank, N.A.*, 614 f.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. 662, 678. "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement." *Id.* For purposes of a motion to dismiss, the court takes all well-pled facts alleged in the complaint as true and draws all reasonable inferences form those facts in plaintiff's favor, although conclusory allegations merely reciting the elements of the claim are not entitled to the presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

## ARGUMENT

I.   **Plaintiff's Claims under 42 U.S.C. § 1983 are Time-Barred**

Plaintiff's claims under Section 1983 are time-barred. The statute of limitations for Section 1983 claims is the state law statute of limitations for personal injury claims. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (per curiam). In Illinois, the applicable statute of limitations for Section 1983 claims is two years. *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (citing *Farrell v. McDonough*, 966 F.2d 279 (7th Cir. 1992), cert. denied 506 U.S. 1084 (1993)). The Seventh Circuit has

consistently followed the two year statute of limitation period set forth in 735 ILCS § 5/13-202 for Section 1983 claims. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998).

Generally, a Section 1983 action accrues when the plaintiff "knows or has reason to know that his constitutional rights have been violated." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013) (citation omitted). Plaintiff alleges that his unlawful arrest and search, as well as Defendant Officer's subsequent use of excessive force, occurred on March 19, 2014. Dkt. No. 25 at ¶ 6. Therefore, Plaintiff had until March 19, 2016 to bring these claims under Section 1983.

The Court, however, did not receive Plaintiff's original complaint until March 25, 2016, almost one week after the statute of limitations expired on his Section 1983 claims. His amended complaint was filed on January 13, 2017, and is now well beyond the statute of limitations by almost a year. Put simply, Plaintiff's Section 1983 claims were untimely back when they were initially raised and are still untimely now. Therefore, Plaintiff's Section 1983 claims of unlawful arrest, illegal search, and excessive force should be dismissed, with prejudice.

## II.     Plaintiff's State Law Claims are Time-Barred

In his amended complaint, Plaintiff further claims—vaguely—"violations of rights that *may be protected* by the laws of the State of Illinois, including false arrest, assault, battery, false imprisonment, conversion, and malicious prosecution." *Id.* at ¶ 7 (emphasis added). While such imprecise pleading runs afoul of F.R.C.P. 8,[1] it arguably raises colorable attendant state law claims, all but one of which – malicious prosecution – is absolutely barred by the statute of limitations.

Under Illinois law, "[a]ctions for damages for an injury to the person, or for false imprisonment, or malicious prosecution . . . shall be commenced within 2 years after the cause of action accrued." 735 ILCS 5/13-202. But, pursuant to the Illinois Local Governmental and

---

[2] F.R.C.P. 8(a): "A pleading that states a claim for relief must contain…(2) a short and plain statement of the claim showing that the pleader is entitled to relief."

3

Governmental Employee Tort Immunity Act ("Tort Immunity Act"), claims for false imprisonment, assault or battery, and malicious prosecution brought against employees of a local entity are governed by a one-year statute of limitations. *See* 745 ILCS 10/8-101(a); *see also Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (stating § 1983 claims are not subject to the shorter one-year limitations period imposed by the Illinois Tort Immunity Act, but that Act's "one-year period applies to state-law claims joined with a § 1983 claim").

Under Illinois law, a claim for false imprisonment accrues—and the statute of limitations begins to run—the first day of wrongful confinement. *See Pierce v. Pawelski,* 2000 WL 1847778, at *2 (N.D. Ill. Dec. 14, 2000) (holding that Illinois false imprisonment claim was time-barred because claim accrued at initial point of alleged false imprisonment); *Wallace v. City of Chicago*, 471 F.Supp.2d 894, 898 (N.D. Ill. 2004); *see also Thompson v. City of Chicago,* 2009 WL 674353, at *5 (N.D. Ill. Mar.12, 2009); *Padilla v. City of Chicago*, 2011 WL 3793413, at * 7 (N.D. Ill. Aug. 24, 2011). Similarly, a battery or assault claim accrues on the date that the battery or assault occurred. See *Montgomery v. City of Harvey*, 2007 WL 4232729, *2 (N.D. Ill. Nov.28, 2007); *Haynes v. City of Chicago*, 2008 WL 1924891, at * 2 (N.D. Ill. Apr. 29, 2008). As pled by Plaintiff, the statutes governing these claims began to run on the date of Plaintiff's arrest, March 19, 2014. Therefore, Plaintiff had until one year from that date, March 19, 2015, to bring these state claims. Plaintiff, however, waited yet another year, filing his complaint on March 25, 2016. Thus, Plaintiff's state claims for false imprisonment, assault, and battery are time-barred.

A claim for malicious prosecution, on the other hand, accrues when the criminal proceeding on which it is based terminated in the plaintiff's favor, *See, e.g.*, *Ferguson v. City of Chicago*, 213 Ill.2d 94, 99; 820 N.E.2d 455, 459 (2004). As such, Plaintiff would have one year from the time his criminal proceeding was terminated in his favor. Presumably that event occurred at some point after his arrest on March 19, 2014, however, Plaintiff does not plead the date on which his criminal trial

4

ended, regardless of whether or not it culminated favorably. Therefore, neither Defendant nor this Court can say with certainty when the statute began to run for this claim. Without this vital piece of information, Plaintiff's claim cannot stand as pled. *Shelton v. Wright*, No. 09 C 6413, 2011 WL 856811, at *4 (N.D. Ill. Mar. 9, 2011) (Dow, J.) (citing *Swick v. Liautaud*, 169 Ill. 2d 504 (1998)).

### III. Plaintiff Fails to Sufficiently Plead Any Claims Under *Iqbal*

Even if Plaintiff's claim for malicious prosecution is not time-barred, it, along with all of Plaintiff's other claims, fails to pass muster under *Iqbal*. Only factual allegations can form the basis of this liability; conclusory statements and regurgitated legal elements are disregarded. *Iqbal*, 556 U.S. at 678-79. A complaint does not suffice if it merely tenders "naked assertion[s] devoid of further factual enhancement." *Id.* at 678.

Plaintiff's amended complaint fails to allege any specific facts whatsoever. Beyond an approximate date, approximate location, and the name of Defendant Officer, Plaintiff fails to further develop any factual premise to his alleged constitutional violations. Plaintiff nakedly asserts that he was "arrested or seized…without probable cause" and "searched…without a warrant," and that Defendant Officer "used excessive force" and "seized monies." Dkt. No. 25 at ¶ 6. The body of Plaintiff's amended complaint is only several sentences long and does not substantively advance his original *pro se* filing. The amended complaint's conclusory statements must be disregarded, and the amended complaint should be dismissed in its entirety.

### IV. The Chicago Police Department is Not a Suable Entity

It is well settled law that the Chicago Police Department is not a suable entity separate from the City of Chicago. *See, e.g., Averhart v. City of Chicago*, 114 Fed. App'x 246, 247 (7th Cir. 2004) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). Therefore, the Chicago Police Department must be dismissed as a defendant.

## V. Plaintiff Names the City without Any Basis for Liability

The plaintiff has also sued the City of Chicago, but has offered no grounds whatsoever for suit against the City. A municipal body is responsible under Section 1983 only when the execution of a governmental policy or custom inflicts injury. *Valentino v. Vilalge of South Chicago Heights*, 575 F.3d 664, 674-75 (7th Cir. 2009). A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy, or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006). Plaintiff has failed to allege any such custom, policy, or practice in his amended complaint.

In fact, the amended complaint only alleges wrongful conduct by Defendant Officer alone. The City's only remaining role in this lawsuit is as employer and indemnitor for Defendant Officer. *See* 745 ILCS 10/9-102. As explained above, Defendant Officer cannot be held liable himself, as the amended complaint fails to sufficiently state a claim against him. And the City cannot be held liable for an injury resulting from an act or omission of its employee where the employee is not liable, regardless of whether that injury sounds in state or federal law. 745 ILCS 10/2-109 (immunity for state law injury); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (immunity for federal law injury). Left with no independent source of liability and nothing to indemnify, the City should be dismissed from this suit. *See, e.g., Wilson v. Hunk*, 367 N.E.2d 478, 482 (Ill. App. 4th Dist. 1977) (dismissing the municipal defendant when complaint failed to state a cause of action against the individual police officer defendant).

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court grant its motion to dismiss and any other relief this Court deems appropriate.

**Dated: February 7, 2017**

Respectfully submitted,

/s/ David T. Hartmann
David T. Hartmann, Attorney No. 6309201
Assistant Corporation Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-0747

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2017, I filed the foregoing Defendants' Joint 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint with the Court Clerk for the Northern District of Illinois through the Court's CM/ECF system.